UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| DOUGLAS WAYNE MULLINIX,       ) | |
|               Plaintiff,       ) | |
| v.       ) | Case: 1:07-cv-02034-PLF |
|                      ) | Judge: Paul L. Friedman |
| CARLOS ALBERTO GONZALEZ, *et al.*       ) | |
|              Defendants.       ) | |

## ANSWER

Defendants Carlos Alberto Gonzales, Fox Television Stations, Inc., erroneously sued as Fox Television Stations, Inc./WTTG Fox 5, and News Corporation erroneously sued as News Corporation Limited, through counsel, state the following in Answer to Plaintiff's Complaint:

### JURISDICTION AND VENUE

1. Defendants are without sufficient information to admit or deny this allegation.

2. Defendants are without sufficient information to admit or deny this allegation.

3. Defendants deny the allegations of paragraph 3 of the Complaint.

4. Defendants deny the allegations of paragraph 4 of the Complaint in that Defendant Carlos Alberto Gonzales is not an employee of News Corporation.

5. Defendants deny the allegations of paragraph 5 of the Complaint in that neither News Corporation, nor Fox Television Stations, Inc. is incorporated in, or has its principal place of business in the District of Columbia. Defendants admit that they conduct business in Washington, D.C.

6. Defendants deny the allegations of paragraph 6 of the Complaint.

7. Defendants admit the allegation in paragraph 7 of the Complaint.

## STATEMENT OF MATERIAL FACTS

8. Defendants admit that Plaintiff was a passenger in a vehicle on or about November 17, 2007. Defendants deny that the vehicle was lawfully stopped at a red traffic light at the time of the accident or that the accident occurred at the location described.

9. Defendants admit that a vehicle being operated by Defendant Alberto Carlos Gonzales struck the rear of the vehicle in which the Plaintiff was a passenger and that the vehicle was owned by Defendant Fox Television Stations, Inc. Defendants deny the remaining allegations in this paragraph.

10. Defendants admit that a vehicle being operated by Defendant Alberto Carlos Gonzales struck the rear of the vehicle in which the Plaintiff was a passenger and that the vehicle was owned by Defendant Fox Television Stations, Inc. Defendants deny the remaining allegations in this paragraph.

11. Defendants admit that at the time of the collision, Defendant Gonzales was an employee of Defendant Fox Television Stations, Inc. acting within the scope of his employment using a Fox Television Stations, Inc. vehicle. Defendants deny the remaining allegations in this paragraph.

## COUNT I
(Negligence)

12. Defendants adopt and incorporate each and every response to paragraphs one (1) through eleven (11) of the Complaint as set forth fully herein.

13. Defendants deny the allegations of paragraph 13 of the Complaint.

14. Defendants deny the allegations of paragraph 14 of the Complaint.

15. Defendants are without sufficient information to admit or deny this allegation.

16. Defendants are without sufficient information to admit or deny this allegation.

17. Defendants deny the allegations of paragraph 17 of the Complaint.

18. Defendants deny that Gonzales negligently operated his vehicle.  Defendants are without sufficient information to admit or deny the remaining allegations of this paragraph.

19. Defendants deny that they were negligent.  Defendants are without sufficient information to admit or deny the remaining allegations of this paragraph.

20. Defendants deny the allegations of paragraph 20 of the Complaint.

## FIRST DEFENSE

The Complaint fails to state a claim against this Defendant upon which relief can be granted.

## SECOND DEFENSE

The Complaint is barred by doctrine of collateral estoppel.

## THIRD DEFENSE

The Complaint is barred by the statute of limitations.

## FOURTH DEFENSE

The Complaint is barred by the doctrines of laches, unclean hands, and equitable estoppel.

## FIFTH DEFENSE

The Complaint is barred because the Plaintiff has engaged in fraud and illegality.

## SIXTH DEFENSE

The Complaint is barred under the doctrine of *res judicata*.

## SEVENTH DEFENSE

The Complaint is barred under the doctrine of assumption of risk.

## EIGHTH DEFENSE

The Complaint is barred under the doctrine of contributory negligence.

**NINTH DEFENSE**

The Complaint is barred under the doctrine of injury by fellow servant.

**TENTH DEFENSE**

The Complaint is barred under the doctrine of waiver.

**WHEREFORE,** it is requested that this matter be dismissed with prejudice, that defendant be awarded costs and attorney's fees, and that this Court order such other and further relief as may be deemed just and proper.

        Respectfully submitted,

        /s/ Peter K. Tompa
        Peter K. Tompa, Esquire
        Bar Number 413752
        pkt@dillinghammurphy.com
        Albert A. Foster, Jr., Esquire
        Bar Number 464009
        aaf@dillinghammurphy.com
        Dillingham & Murphy, LLP
        1155 Connecticut Avenue N.W.
        Suite 1120
        Washington, D.C. 20036
        Telephone: (202) 835-9880
        Facsimile:  (202) 835-9885
        Defendants Carlos Alberto Gonzales, *et al.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of December 2007, a copy of the foregoing Answer was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

        /s/ Peter K. Tompa
        Peter K. Tompa, Esquire